IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BROWN V. BROWN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TYLER P. BROWN, APPELLEE,

V.

HAWRAA J. BROWN, APPELLANT.

Filed November 10, 2025.    No. A-25-164.

Appeal from the District Court for Box Butte County: DEREK C. WEIMER, Judge. Affirmed.

Hawraa J. Brown, pro se.

Lisa D. Rittenhouse for appellant.

RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

## INTRODUCTION

Hawraa J. Brown appeals from the order of the Box Butte County District Court, which found that Tyler P. Brown was not in contempt regarding Hawraa's parenting time with their children. We affirm.

## STATEMENT OF FACTS

The parties were divorced in 2021. The decree is not contained in our record. In 2023, there was a contempt proceeding initiated by Tyler, which eventually resulted in the parties' stipulation to a parenting plan and a purge plan which was approved by the district court. This order is also not contained in our record. It appears that Tyler was awarded custody of the parties' two children subject to Hawraa's parenting time. Contempt proceedings were again initiated by Tyler in June 2024 when Hawraa failed to return the children to him.

- 1 -

On August 20, 2024, the district court entered an order finding that Hawraa was in contempt of the court's regular parenting time orders and in contempt of the court's prior purge order of November 16, 2023. The court noted that Hawraa had a history of contemptuous actions with respect to orders in the case. The court reflected that efforts were made to purge the most recent contempt findings by imposing supervised parenting time and a graduated schedule to return to unsupervised and regular time, which efforts the court found were unsuccessful. In order to purge the current contempt, the court set out a detailed schedule of supervised parenting time from September through December 2024. The court specified that the visits were to be supervised by "Native Futures" and would continue until at least the first scheduled parenting time in January 2025. The court set a further hearing for January 3, 2025, to take evidence from the parenting time supervisor and about Hawraa's compliance with this purge order.

Hawraa thereafter filed a motion to reconsider/clarify the order. She alleged that the monthly cost of supervised visits, including travel (between Lincoln and Alliance), lodging, vehicle rental, and time off work would create an undue hardship for her and the children. Following a hearing on the motion, the district court entered an order on September 18, 2024. The court acknowledged the alleged financial hardship on Hawraa of traveling to Box Butte County, but the court was not persuaded to reconsider or alter or amend the August 20 purge order. However, the court did indicate that "[i]f there is an alternative third-party provider for [supervision] services in the Box Butte County area, then [Hawraa] may use that resource in lieu of Native Futures."

On December 2, 2024, Hawraa filed an application for contempt and order to show cause, with an accompanying affidavit. The affidavit outlined instances in which Hawraa claimed that Tyler withheld parenting time from her but also raised issues with respect to custody. Thereafter, the district court issued an order to show cause, in which it found that many of Hawraa's allegations in her affidavit predated the most recent purge orders which issues had been resolved. The court set a show cause hearing on the allegations regarding instances that occurred since the entry of the August 20 purge order. Hawraa thereafter submitted a supplemental affidavit.

A hearing was held on the application for contempt on January 3, 2025. Tyler testified to his understanding of the current parenting time schedule; that it was to take place the first and third weekend of every month, to be supervised through Native Futures or a similar agency in Box Butte County. Tyler testified that Hawraa has not had in person supervised visits since the last purge order was put in place. Tyler indicated that Hawraa has not proposed a different agency; rather, she proposed two of her friends to be the supervisor. Tyler did not agree that either of these individuals should supervise parenting time. One of the individuals had apparently made a previous allegation against him to Child Protective Services (CPS) and Tyler believed that she would be scrutinizing his parenting as opposed to supervising Hawraa. The other person had also made unfounded allegations about Tyler to CPS and had made disparaging comments against him on social media. Tyler testified that despite Hawraa indicating that she had arranged for her parenting time a couple of times with Native Futures, the owner of the agency told Tyler she had not contacted them. Regarding the allegation that he withheld parenting time in early December 2024, Tyler testified that he advised Hawraa in September that he would be traveling to Florida with the children and offered to allow parenting time on a different weekend. The court also received Tyler's affidavit in evidence.

- 2 -

Hawraa offered into evidence affidavits that accompanied her application for contempt, a video of text messages, a log of virtual call history through an online platform, recordings and images of her attempts to see the children since September 2024, and affidavits from character witnesses.

On January 10, 2025, the district court entered an order which found that Tyler had shown cause and was not in contempt of the orders of August 20 and September 18, 2024. The court first made certain evidentiary rulings regarding the admissibility of evidence offered by Hawraa, finding some of the exhibits related to custody matters and not the specific issue of contempt before the court, and thus were not relevant.

The district court noted the language from the previous purge order of September 18, 2024, that was at issue, which stated: "The Court has identified Native Futures as the entity to supervise the parenting time. If there is an alternative third-party provider for such services in the Box Butte County area, then [Hawraa] may use that resource in lieu of Native Futures." The court noted that Tyler interpreted the language as providing that an agency similar to Native Futures could be used, whereas Hawraa interpreted the language as permitting her to identify third-party supervisors of her choosing. The court referenced the two prospective persons identified by Hawraa to provide supervision to whom Tyler objected as they have each been used as witnesses on behalf of Hawraa and have expressed negative opinions about him. The court concluded that the dispute about the language of the previous order and the requisite supervision was legitimate and therefore could not be considered contemptuous. The court further agreed that the implication of its previous order was that the alternative provider be an agency or entity such as Native Futures. The court stated that "[it] did not and does not authorize the use of supervisors who are affiliated with either party to this action."

Hawraa filed a motion to clarify/reconsider the order, asking, among other things, that the court reconsider the requirement that Native Futures or a similar agency be the exclusive providers of supervision, establish a specific parenting schedule, and set a status hearing or periodic review date to evaluate the continued necessity of supervised visitation and provide a clear timeline or conditions for when unsupervised parenting time may resume. In an order entered on February 12, 2025, the district court, in an effort to make the decision more clear, ordered that Hawraa "must have eight parenting times supervised as directed in the August 20 and September 18 2024 orders related to [Tyler's] show cause application. Once those eight parenting times have taken place, then the parties will revert to the regular parenting schedule as previously set out." Aside from this clarification, the court made no modifications to its findings or orders. On February 13, Hawraa filed another motion to clarify the February 12 order; however, our record does not contain any hearing on that motion. Hawraa thereafter appealed from the January 10 and February 12 orders.

ASSIGNMENTS OF ERROR

Hawraa assigns as error that the district court (1) erred by failing to find Tyler in contempt despite repeated, willful violations of court-ordered parenting time; (2) erred and abused its discretion by imposing extended supervised visitation without updated findings, without considering credible alternatives, and without a path to unsupervised parenting time; (3) violated her due process and fundamental parental rights; and (4) violated her right to procedural fairness and due process by failing to ensure a complete and accurate appellate record.

STANDARD OF REVIEW

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of the issues is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determination of whether a party is in contempt and of the sanction to be imposed is reviewed for an abuse of discretion. *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016); *Hawks v. Hawks*, 32 Neb. App. 70, 993 N.W.2d 688 (2023).

ANALYSIS

*Failing to Find Tyler in Contempt.*

Hawraa assigns as error that the district court erred by failing to find Tyler in contempt despite repeated, willful violations of court-ordered parenting time.

Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party. See, *Krejci v. Krejci*, 304 Neb. 302, 934 N.W.2d 179 (2019). Willful disobedience is an essential element of contempt; "willful" means the violation was committed intentionally, with knowledge that the act violated the court order. *Id*. Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of civil contempt must be proved by the complainant by clear and convincing evidence. *Id*.

With respect to contempt proceedings related to interference with visitation and parenting time, the Nebraska appellate courts have looked to the custodial parent's conduct and whether the parenting time actually occurred. See, *Hawks v. Hawks, supra*; *Rodas v. Franco*, 30 Neb. App. 910, 974 N.W.2d 856 (2022). In *Krejci v. Krejci, supra*, the Nebraska Supreme Court affirmed a trial court's decision not to hold a mother in contempt for the children's nonattendance of the grandfather's visitation time because the mother did not encourage or instruct the children to refuse to attend the visit. Similarly, both *Hawks v. Hawks, supra*, and *Rodas v. Franco, supra*, involved children's refusal to attend parenting time and the actions of the custodial parent in either encouraging and facilitating the parenting time, or in condoning the refusal.

Here, the issue is not the refusal of the children to attend parenting time with their mother, but rather, the father's denial of the parenting time. Focusing on Tyler's conduct, the district found that his actions in denying the parenting time without the required supervision were not willful disobedience of the prior orders. We agree. The record supports Tyler's legitimate belief that the purge orders in place required supervision by Native Futures or a similar third-party agency and did not provide for supervision by persons of Hawraa's choice. Thus, Tyler's actions were not willfully taken in violation of a court order, and the district court did not abuse its discretion in finding that Tyler was not in contempt.

This assigned error fails.

*Imposing Extended Supervised Visitation.*

Hawraa assigns that the district court erred and abused its discretion by imposing extended supervised visitation without updated findings, without considering credible alternatives, and

without a path to unsupervised parenting time. In essence, Hawraa argues that the court should have modified its previous orders to provide for a transition to unsupervised parenting time.

Neb. Rev. Stat. § 42-364.15(1) (Reissue 2016) discusses the enforcement of parenting time and provides:

> Upon the filing of a motion which is accompanied by an affidavit stating that either parent has unreasonably withheld or interfered with the exercise of the court order after notice to the parent and hearing, the court shall enter such orders as are reasonably necessary to enforce rights of either parent including the modification of previous court orders relating to parenting time, visitation, or other access. The court may use contempt powers to enforce its court orders relating to parenting time, visitation, or other access.

In *Yori v. Helms*, 307 Neb. 375, 949 N.W.2d 325 (2020), the Nebraska Supreme Court, citing the above statute, held that modifications to a parenting plan made after finding the father in contempt were remedial measures to gain compliance and were part of the equitable relief that the court was authorized to provide.

Here, the district court declined to find the father in contempt. Therefore, there was no need to provide remedial measures to ensure compliance with the previous purge plan. Further, there was not a complaint to modify the purge orders before the district court; only the contempt proceeding was before the court. See, *Krejci v. Krejci, supra* (reversing modification of decree as complaint to modify was dismissed prior to contempt hearing).

This assigned error also fails.

*Alleged Violation of Due Process.*

In this assigned error, Hawraa argues that the previous purge order imposed financial burden and unreasonable conditions that effectively denied her meaningful parenting time. Again, the only matter before the district court at the January 3, 2025, hearing, was the contempt application; the court was not reviewing the previous orders for modification purposes. Hawraa was afforded full opportunity to adduce evidence regarding her allegations that Tyler was willfully violating her parenting time. The district court did not violate Hawraa's due process rights in connection with the contempt proceeding. Further, the district court heard Hawraa's motion to clarify and entered a subsequent order which contained certain clarifications to the previous purge order to prevent any further confusion.

This assigned error fails.

*Alleged Violation of Right to Procedural Fairness/Due Process by Failing to Ensure Complete and Accurate Appellate Record.*

In this assigned error, Hawraa argues that the record omits material portions "necessary to assess judicial impartiality, courtroom conduct and the basis for [the district court's] rulings." Brief for appellant at 18. Hawraa asserts that throughout the hearing, the district judge "repeatedly raised his voice and admonished Appellant, creating a hostile and prejudicial environment." *Id*. She asserts that the affidavit of Roger Suhr, which she claims was offered in connection with her February 13, 2025, motion to clarify, supports her assertions. Hawraa further argues that "the

official transcript certified by the court omitted critical exchanges, failing to capture the judge's demeanor, threats, and [her] objections." *Id*.

Our record does not show that a hearing was held on Hawraa's motion to clarify filed on February 13, 2025, and we have no evidence from any hearing on that motion, including an affidavit of Roger Suhr. Hawraa has not provided a record to support her allegations regarding judicial impartiality. It is incumbent on the party appealing to present a record that supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors will be affirmed. *Czech v. Allen*, 318 Neb. 904, 21 N.W.3d 1 (2025).

To the extent Hawraa is arguing that the district court rejected other proffered evidence, we note that the court specifically rejected receipt of an affidavit from Hawraa's previous attorney, finding that it was offered by a non-party and not subject to cross-examination. The court also questioned the relevance of the exhibit as the contents related to events that occurred well before the actions giving rise to the contempt proceedings of August 2024. We note that this affidavit was prepared in February 2024 and related to negotiations before the November 2023 modification/purge order, which affidavit was clearly not relevant to the instant contempt action. The other affidavits rejected by the district court also contained matters relating to custody which were not at issue in the contempt proceeding.

This assigned error fails.

## CONCLUSION

The district court did not abuse its discretion in finding that Tyler was not in contempt in connection with Hawraa's parenting time and the previous purge orders.

AFFIRMED.